[No. 15009.   Department One.   January 10, 1919.]

W. R. THOMAS, *Respondent,* v. THOMAS B. MOORE *et al.,*
*Appellants.*[1]

VENDOR AND PURCHASER (60, 61, 73)—RESCISSION BY VENDOR—
FRAUD. Defendants may rescind the entire sale as a single trans-
action, where they were induced to sell by means of artifice
and misrepresentation, and then, while dealings were in progress
for the purpose of correcting misdescriptions, cancelled a mortgage
and accepted another on worthless security; and it is immaterial
that they were guilty of stupidity and dealt at arm's length, where
they were imposed upon and lulled into a state of undue careless-
ness by artifice and the transaction was violative of good conscience.

Appeal from a judgment of the superior court for
Kittitas county, Davidson, J., entered January 19,
1918, in favor of the plaintiff, in an action for rescis-
sion, tried to the court.   Affirmed.

*Ralph Kauffman* and *Eugene E. Wager,* for appel-
lants.

*Carroll B. Graves* and *John H. McDaniels,* for re-
spondent.

MITCHELL, J.—Respondent, W. R. Thomas, was in-
duced to make and deliver a deed of his farm, contain-
ing 1,280 acres, and a bill of sale of live stock and other
personal property thereon to appellant Thomas B.
Moore, to whom possession was delivered, in consid-
eration of a relatively small cash payment, the
remainder of the whole purchase price of $75,000 to be
paid in the future, for which security was to be given.
Moore immediately, pursuant to agreement already
made, and prior to taking actual possession, trans-
ferred a large portion of the personal property
to appellant Honefenger, who, together with Moore,

[1]Reported in 177 Pac. 734.

promptly marketed and removed most of the personal property so transferred to Honefenger, the value of which so disposed of by them was largely in excess of the cash payment that had been made to respondent. Shortly after the deal was put in final shape, information to respondent lead to an investigation which readily disclosed the apparent worthlessness of the security given respondent to protect the future payments due him. He conceived the idea he had been overreached in the transaction and promptly brought this suit to rescind the contract, for cancellation of the instruments of conveyance, and for an accounting. The superior court awarded to him all the relief demanded. Defendants, by appeal, present the cause to this court.

Numerous assignments of error are reducible to the contentions: First, that respondent being a person of ordinary intelligence and there being no confidential relation existing between him and Moore, that they were seller and buyer "at arm's length," thus placing the transaction beyond the interposition of equity; and second, that no fraudulent representations were made.

No good purpose can be served by referring to the large volume of evidence submitted, other than in a general way. An examination of it convinces us as it did the superior court.

As to the first claim, that respondent failed to show a cause for equitable relief, appellants overlook the well advised present day rule that a court of equity will not sanction transactions violative of good conscience and shocking to a sense of fair play, even though the victim is guilty of stupidity. The evil effects which sometimes flow from dealings commonly spoken of as having occurred when the parties were at arm's length are not only not repugnant to equita-

ble cognizance, but often receive full relief and treatment in no other way, and the attempt to foreclose such jurisdiction upon the specious plea that the parties thus dealt with each other, takes for granted the very thing in dispute. It sometimes happens, as here, that, whatever may have been their relations at first, before final consummation of the transaction the party imposed upon has been deprived of his proper judgment and lulled into an undue state of carelessness by the artifice and designs of the other party. In the present case, the respondent—an unsuspecting, transient trader—was over-persuaded, in part by pictures of the wealth of the purchaser, and by the meager contents and extended time expressed in the mortgage given back, on the farm only, to secure deferred payments, while shortly and when dealings were still in progress between the parties by way of correcting some misdescriptions of property as given in the first deed and purchase-price mortgage, the appellant Moore, by misrepresentation, induced respondent to cancel the mortgage he already had and, in its stead, to take one upon other property already burdened to its full market value and in litigation. Upon this history of their dealings, counsel for appellants contend that the transactions, as they were when suit was commenced, were separable into two distinct and unrelated parts; and that, even if the final transaction resulted in a worthless security, it is unavailing to respondent in this action, under the rule that fraudulent misrepresentations to be actionable must have been made as to a present fact at the time of the deed. But, as we see it, counsel fail to give proper weight to the last act in this series of transactions which but completed a continuous scheme betraying the intentions of the buyer from the inception

of the deal. The rule of law controlling in this class of cases has been declared in *Mumford v. Smith,* 89 Wash. 98, 154 Pac. 153, and *Gordon v. Hillman,* 91 Wash. 490, 158 Pac. 96, and cases therein cited.

Upon the facts, altogether, it is enough to say we are satisfied that respondent met the burden imposed upon him to establish the allegations of his complaint by a preponderance of the evidence, and that the judgment as to an accounting is sustained by the evidence.

Judgment affirmed.

MAIN, C. J., MACKINTOSH, TOLMAN, and CHADWICK, JJ., concur.